John **REDMON**

v.

**R. F. ZAHRADNICK et al.**

**Civ. A. No. 77–0349–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 7, 1977.

John Redmon, pro se.

Alan Katz, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Petitioner, an inmate of the Virginia State Penitentiary in Richmond, Virginia, brings this action seeking a writ of habeas corpus, 28 U.S.C. § 2254. Petitioner alleges that he was denied his Constitutional right to due process of law by the State's failure to disclose to the jury which convicted petitioner that a key prosecution witness had been promised favorable treatment in exchange for his testimony. Respondent, Warden of the Penitentiary, has filed a motion to dismiss the action to which petitioner has responded.

Jurisdiction is appropriate under 28 U.S.C. § 2241(a). For the reasons which follow, the Court will appoint counsel to represent petitioner and an evidentiary hearing will be conducted.

Petitioner was tried by a jury in the Circuit Court of the County of Middlesex, Virginia, on October 7, 1976, and was convicted of robbery and assault and battery. Thereafter, petitioner was sentenced to five years for robbery and twelve months for the assault and battery charge. Petitioner filed a timely appeal to the Supreme Court of Virginia, which was denied. Petitioner has therefore exhausted his State court remedies.

Few of the basic facts of the crime for which petitioner was convicted are in dispute. The record reflects that on May 17, 1976, petitioner and three other men drove to a store in Stormont, Virginia for purposes of purchasing gasoline and cigarettes.

Two of the men had been drinking and remained in the car, while petitioner and another man, James Randall, went into the store. Inside the store, the 92 year old owner was beaten and robbed. The owner's wife came into the store and petitioner and Randall fled in the automobile. Both petitioner and Randall were charged with the crime, trials were severed and petitioner was the first to go to trial.

The main point of uncertainty at petitioner's trial was whether it was petitioner or Randall who had beaten and robbed the store owner. The owner testified that he thought petitioner hit him, but he was rendered unconscious by the beating and admitted that he was not positive about his identification. The owner's wife testified that when she came into the store a "tall man" was standing over her husband with his hand raised and a shorter man was standing near the door. This testimony would give rise to an implication that Randall committed the assault: the record reflects that Randall is six feet five inches tall and petitioner is five feet nine inches tall. Randall, testifying for the State, stated that he entered the store after petitioner and saw petitioner beating the owner. Petitioner took the stand in his own defense and contended that he entered the store after Randall and that it was Randall who beat the owner.

In attempting to undermine Randall's testimony implicating petitioner, defense counsel asked Randall if he had made any "arrangement" with the prosecution whereby he stood to gain if he testified against petitioner. Randall denied making any such arrangement. The prosecution, in its summation to the jury, also implied that no plea bargain had been made, stating that Randall would be tried "some other day." However, within hours after the jury returned the guilty verdict against petitioner, the prosecution reduced Randall's felony charges to trespassing and the Court accepted a guilty plea on that charge, sentencing Randall to twelve months confine-

ment with seven and one-half months of the sentence suspended, which resulted in Randall's immediate release from confinement. Petitioner points to these facts as evidence that Randall had indeed been promised favorable treatment in exchange for his testimony against petitioner, and further contends that he was denied due process of law at a State trial because the prosecution failed to inform the jury of what he contends was a pretrial arrangement.

In *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), the United States Supreme Court held that the failure of the prosecution to inform the jury concerning any understanding or agreement as to the future prosecution of a key witness violated Constitutional guarantees to due process of law. The United States Court of Appeals for the Fourth Circuit has recently applied *Giglio* in two opinions addressing issues similar to the instant ones, and in each instance has directed the issuance of a writ of habeas corpus. *See United States v. Sutton*, 542 F.2d 1239 (4th Cir. 1976); *Boone v. Paderick*, 541 F.2d 447 (4th Cir. 1976), *cert. denied*, 430 U.S. 959, 97 S.Ct. 1610, 51 L.Ed.2d 811 (1977). In each case, the Court of Appeals reviewed the record as a whole to determine whether there was a "reasonable likelihood" that the verdict might have been different had the jurors been aware that the prosecution had made a promise of favorable treatment to a key witness in exchange for his testimony.

This Court has reviewed the record as a whole and is persuaded that the jury's verdict might have been different had it known that the Commonwealth had offered leniency to Randall in exchange for his testimony. However, the underlying allegation, that there was an arrangement between Randall and the prosecution remains to be proven. Accordingly, the Court will appoint counsel for petitioner, and conduct an evidentiary hearing to determine whether the prosecution did indeed promise Randall that he would be given favorable treat-

ment in exchange for his testimony against plaintiff.

An appropriate order shall issue.